# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HUGP ARTURO REYES ORTIZ and CLEIBER NIEVE PANO,<br><br>Petitioner,<br><br>v.<br><br>JOHN MATTOS, *et al.*,<br><br>Respondents. | Case No. 2:26-cv-00304-RFB-EJY<br><br>**ORDER TO SHOW CAUSE** |

Petitioners Hugo Arturo Reyes Ortiz and Cleiber Nieve Pano, immigration detainees, have filed a counseled Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) Through them, they, challenge the lawfulness of their detention at Nevada Southern Detention Center in the custody of Federal Respondents. The Court has reviewed the Petition and preliminarily finds Petitioners likely can demonstrate that their circumstances warrant the same relief as this Court ordered for Petitioners **Mena-Vargas and Reyes-Lopez** in Escobar Salgado v. Mattos, No. 2:25-cv-01872-RFB-EJY, 2025 WL 3205356 (D. Nev. Nov. 17, 2025).

Therefore, Respondents are **ORDERED TO SHOW CAUSE** why the Writ should not be granted. See 28 U.S.C. § 2243. Respondents shall file, in writing, within three days, **a (i) notice of appearance and (ii) "a return certifying the true cause of detention"** on or before **February 12, 2026.** See id. Petitioner may file a traverse on or before **February 17, 2026**.

**IT IS FURTHER ORDERED** that the Parties shall indicate in their briefing whether they request oral argument or an evidentiary hearing on the Petition. The Court would be amenable to ruling on the papers if the parties indicate that they are willing to waive a hearing.

**IT IS FURTHER ORDERED** If Respondents have no new arguments to offer that have not already been addressed by the Court, they may so indicate by reference to their previous briefing, while reserving appellate rights.  They may not, however, incorporate briefing in a

manner that would circumvent the page limits under LSR 3-2 without leave. Respondents should file the referenced briefing as an attachment for Petitioner's counsel's review.

Additionally, the Court finds Petitioners have established a *prima facie* case for relief and that ordering Respondents to produce documents reflecting the basis for their detention of Petitioners is necessary for the Court to "dispose of the matter as law and justice require." See Harris v. Nelson, 394 U.S. 286, 290 (1969) (holding that "a district court, confronted by a petition for habeas corpus which establishes a *prima facie* case for relief, may use or authorize the use of suitable discovery procedures . . . reasonably fashioned to elicit facts necessary to help the court to 'dispose of the matter as law and justice require'") (citing 28 U.S.C. § 2243). Therefore, **IT IS FURTHER ORDERED** that Respondents must file with their return any documents referenced or relied upon in their responsive pleading. If Respondents' asserted basis for detaining Petitioners is reflected in any documents in their possession, including, but not limited to, an arrest warrant, Notice to Appear, Form-286, and/or Form I-213 relevant to Petitioners' arrest, detention, and removal proceedings, Respondents must so indicate and file said documents with their pleading. If no such documents exist to support the asserted basis for detention, Respondents must indicate that in their return.

**IT IS FURTHER ORDERED** that Local Rules 7-2, 7-3, and 7-4 will govern the requirements and scheduling of all other motions filed by either party.

**IT IS FURTHER ORDERED** that the Parties shall file all documents and exhibits in accordance with Local Rules LR IA 10-1 through 10-5.

**IT IS FURTHER ORDERED** that the Parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible. Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension. Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

**IT IS FURTHER ORDERED** that Respondents shall not transfer Petitioner out of this District. This Court has "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction." F.T.C. v. Dean Foods Co., 384

U.S. 597, 601 (1966); see also Al Otro Lado v. Wolf, 952 F.3d 999, 1007 n.6 (9th Cir. 2020) ("Having concluded that [agency action] would interfere with the court's jurisdiction . . . , the district court properly issued an injunction under the All Writs Act.") (citing 28 U.S.C. § 1651(a)). Were Petitioners prematurely removed from the United States District of Nevada, or more broadly the United States, the removal could interfere with the Court's jurisdiction over his claims. Given the exigent circumstances surrounding Petitioners, the Court finds that this Order is warranted to maintain the *status quo* pending resolution on the merits, and the Court finds that Petitioners have satisfied the factors governing the issuance of such preliminary relief.

**IT IS FURTHER KINDLY ORDERED** that the Clerk of Court:

1. **DELIVER** a copy of the Petition (ECF No. 1), attachments (ECF Nos. 1-1, 1-2), and this Order to the U.S. Marshal for service.

2. **ADD** the United States Attorney for the District of Nevada to the docket as an Interested Party.

3. **SEND**, through CM/ECF, a copy of the Petition (ECF No. 1), attachments (ECF Nos. 1-1, 1-2), and this Order to:

    i. The United States Attorney for the District of Nevada at Sigal.Chattah@usdoj.gov, Veronica.criste@usdoj.gov, summer.johnson@usdoj.gov, and caseview.ecf@usdoj.gov. in accordance with Federal Rule of Civil Procedure 5(b)(2)(E).

    ii. Counsel for Respondent John Mattos at ahesman@strucklove.com

4. **MAIL** a copy of the Petition (ECF No. 1), attachments (ECF Nos. 1-1, 1-2), and this Order pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to:

    1) John Mattos, Warden, Nevada Southern Center, 2190 E. Mesquite Ave. Pahrump, NV 89060

    2) Brian Henke, Field Office Director, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement, 501 Las Vegas Blvd South Suite 100, Las Vegas, NV 89101

    3) Kristi Noem, Secretary, United States Department of Homeland Security, 245 Murray Lane SW, Washington, DC 20528

4) Pamela Bondi, Attorney General of the United States, 950 Pennsylvania Avenue, NW, Washington, DC, 20530

5) Daren K, Margolin, Director of Executive Office of Immigration Review, 5107 Leesburg Pike, Falls Church, VA 22041

**IT IS FURTHER ORDERED** that the U.S. Marshal **SERVE** a copy of the Petition (ECF No. 1), attachments (ECF Nos. 1-1, 1-2), and this Order on the United States Attorney for the District of Nevada or on an Assistant United States Attorney or clerical employee designated by the United States Attorney pursuant to Rule 4(i)(1)(A)(i) of the Federal Rules of Civil Procedure.

**DATED:** February 9, 2026.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**