**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

|  |  |
|---|---|
| HUGO ARTURO REYES ORTIZ and CLEIBER NIEVE PANO, | Case No. 2:26-cv-00304-RFB-EJY |
| Petitioners, | **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| JOHN MATTOS, *et al.*, | |
| Respondents. | |

Pending before the Court is the (ECF No. 1) Petition for Writ of Habeas Corpus ("Petition"). The Court incorporates by reference its factual findings set forth on the record at the February 18, 2026, hearing on the instant matter. The Court incorporates by reference its rulings on Respondents' arguments as to jurisdiction, administrative exhaustion, detention under the Immigration and Nationality Act and due process from its decisions in Posada v. Noem, No. 2:26-cv-00050-RFB-BNW, 2026 WL 194715 (D. Nev. Jan. 26, 2026), Jacobo Ramirez v. Noem, No 2:25-cv-02136-RFB-MDC, 2025 WL 3270137 (D. Nev. Nov. 24, 2025), Escobar Salgado v. Mattos, No. 2:25-cv-01872-RFB-EJY, 2025 WL 3205356 (D. Nev. Nov. 17, 2025). The Court is not persuaded to reconsider its statutory analysis by the small pool of nonbinding case law Respondents cite, including the recent Fifth Circuit decision in Buenrostro-Mendez v. Bondi, Nos. 25-20496 & 25-40701, 2026 WL 323330 (slip op.) (5th Cir. Feb. 6, 2026), for many of the reasons identified in dissent by Judge Douglas. See id., at *10-18 (Douglas, J., dissenting).

Accordingly, the Court orders Respondents to provide Petitioners constitutionally adequate bond hearings pursuant to 8 U.SC. § 1226(a) and its implementing regulations, wherein the government bears the burden of establishing an individualized, constitutionally recognized interest in civilly detaining each Petitioner, *i.e.*, that his detention is necessary to prevent danger to the

community or to ensure his future appearance at removal proceedings. See Zadvydas v. Davis, 533 U.S. 678, 690 (2001).

Therefore, **IT IS HEREBY ORDERED** the Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED** as to both Petitioners.

**IT IS FURTHER ORDERED** that Respondents must provide Petitioners with constitutionally adequate bond hearings pursuant to 8 U.S.C. § 1226(a) no later than **February 25, 2026**. The immigration court must create a contemporaneous record of the bond hearings that is available to Petitioners upon request. See, e.g., Rodriguez v. Robbins, 715 F.3d 1127, 1136 (9th Cir. 2013).

**IT IS FURTHER ORDERED** that if bond is granted, Respondents are **ORDERED** to immediately release Petitioners from detention. Other noncitizens who have been afforded relief by this Court have struggled to satisfy their bond condition through ICE's payment portal(s). Therefore, Petitioners must be afforded until **March 26, 2026** to satisfy any monetary bond conditions.

**IT IS FURTHER ORDERED** that if a constitutionally adequate bond hearing is not conducted by **February 25, 2026**, Respondents must **IMMEDIATELY RELEASE PETITIONERS** from custody **ON THEIR OWN RECOGNIZANCE**.

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED** from detaining Petitioners pursuant to 8 U.S.C. § 1225(b)(2)(A).

**IT IS FURTHER ORDERED** that the Parties shall file a joint status report by **February 26, 2026**. The status report shall detail if and when the bond hearing occurred, if bond was granted or denied, and, if denied, the reasons for that denial. If the bond hearing has not occurred, the status report shall confirm Petitioners' release from detention in compliance with this Order.

///

///

///

///

The Clerk of Court is instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment. Likewise, the Court retains jurisdiction to consider any request for attorney's fees and costs pursuant to 28 U.S.C. § 2412.

**DATED:** February 18, 2026.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**